SARRIERA, PETITIONER AND APPELLANT, *v.* TODD, MAYOR OF SAN JUAN, RESPONDENT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 2, in a Proceeding for Mandamus.

No. 1633.—Decided December 7, 1917. .

MANDAMUS—REMOVAL OF EMPLOYEE—NOTICE AND HEARING—JUST CAUSE.—When an employee of a municipality is removed from his position by the mayor without previous notice and hearing he has a legal right to a writ of mandamus for reinstatement, although the lower court found that there was just cause for his removal.

The facts are stated in the opinion.
*Mr. José de Guzmán Benítez* for the petitioner together with the latter *pro se.*

*Mr. Ramón Falcón* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The second section of the District Court of San Júan rendered a judgment in this case refusing to issue a writ of mandamus. That the petitioner was removed from his position without notice and a hearing is a fact in this case, as appears from the statement of the case and from the opinion of the court. The respondent made no real attempt to show otherwise, but his whole effort was directed to show that the· petitioner was removed for just cause. The controverted issue in the court below was whether there was such just cause, and the court below found in favor of the respondent, the mayor.

The appellant, both in his brief and his oral argument, laid his principal stress on the question of whether or not there had been such just cause.

If that question were the sole one before us we should have no hesitation in following the decision of the court below, not only because of the conflict of the proof, but because we think the proof tended to show a just cause. However, there is a question of law in this case which compels a reversal. The court, in part relying upon its interpretation of the case of *Ruiz* v. *Del Valle*, 17 P. R. R. 654, thought that notice and a hearing were unnecessary. It is needless for us to consider the question again, because we have done so very recently in the cases of *Belaval* v. *Todd*, 22 P. R. R. 590; *Belaval* v. *Todd*, 24 P. R. R. 24, and *Cintrón* v. *Berríos*, 24 P. R. R. 673.

The appellee has filed no brief in this case, but appeared at the oral argument to maintain the justness of the removal and to suggest that the appellant could gain nothing by a reversal at this date; but the situation that will arise on the issuance of a mandamus under the present circumstances is not before us, although we have considered it to some extent in the cases last cited and in *Belaval* v. *Todd*, 24 P. R. R. 765.

The appellant was entitled to notice and a hearing, which he did not obtain, and hence he had a legal right to the issuance of the writ of mandamus.

The judgment must be reversed and another rendered requiring Roberto H. Todd, Mayor of San Juan, to restore the appellant to his position.

*Reversed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.